UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| JAMES SWANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **2:21-CV-194** |
| vs. | ) | |
| | ) | |
| MICHAEL TALLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff has filed a Complaint [Doc. 1] alleging that his civil rights were violated and seeks leave to proceed with his action without prepayment of fees. This matter is now before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. For reasons set forth below, the Court **RECOMMENDS** the complaint be **DISMISSED with prejudice**.

### I.      IN FORMA PAUPERIS SCREENING PROCESS

Along with Plaintiff's pro se Complaint, he filed a Motion [Doc. 2] to proceed *in forma pauperis.* When initially considering the Motion, the Court determined that Plaintiff's application was deficient because he failed to provide an accounting for his inmate trust fund. The Court then provided Plaintiff with additional time to submit the required documentation. [Docs. 4, 7]. On January 20, 2022, the Court received the required certified copy of Plaintiff's inmate trust account balance for the past six months. [Doc. 8]. As such, the Court now has the necessary information to consider Plaintiff's Motion.

Indigent persons may seek leave to proceed in federal courts without first paying a filing fee. *See* 28 U.S.C. § 1915. The purpose of § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For that reason, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The affidavit must demonstrate that a petitioner is unable to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if its states that a petitioner does not have the funds necessary to pay for the costs of litigation after paying for the necessities of life due to poverty. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status in determining whether to grant leave to proceed *in forma pauperis*. The application [Doc. 2] and supplement [Doc. 8] set forth grounds for so proceeding; therefore, the Application to Proceed Without Prepayment of Fees [Doc. 2] is **GRANTED**.

Because Plaintiff is an inmate in the Sullivan County Detention Center, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, TN 37743, twenty

percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process at this time.** Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827. Here, the Court recommends Plaintiff's claim not proceed for the reasons stated below.

## II.      FACTUAL BACKGROUND

Plaintiff alleges that Defendant Michael Talley has violated his civil rights. Mr. Talley serves as Plaintiff's court-appointed attorney in a criminal matter.[1] Plaintiff specifically contends that Mr. Talley failed to abide by his wishes in preparing Plaintiff's criminal case for trial. Plaintiff asserts that Mr. Talley has failed to summon witnesses and other individuals as Plaintiff has requested. Instead, Plaintiff says Mr. Talley has suggested it would be better if Plaintiff considered a plea agreement. Plaintiff advises the proposed plea agreement is inappropriate given his cancer diagnosis. More importantly, Plaintiff states that he is innocent of the charges which have been brought against him. Plaintiff claims that instead of taking into consideration his valid concerns, Defendant is interested only in a quick resolution. Plaintiff states that Defendant is unwilling to meet with him and has refused to move for a bond reduction on his behalf.

---

[1] In his Complaint, Plaintiff fails to state where his criminal case is pending and does not provide the style of the case.

Because of Defendant's alleged violations of his rights, Plaintiff asks that the Court protect his rights. Plaintiff claims the Court should award him $50,000.00 in damages and have Defendant disbarred for his subpar legal services to provide him with the requested protection.

## III.    LEGAL ANALYSIS

### a.    *Leniency afforded to pro se litigants like Plaintiff*

Because Plaintiff is proceeding pro se, the Court will liberally construe his claims. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Still, even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). For a complaint to survive the §1915 screening process, it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Zelesnik v. GE Healthcare*, No. 1:18CV2443, 2018 WL 5808749, at *1 (N.D. Ohio Nov. 6, 2018) (quoting *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). The Court is not permitted to "conjure allegations on a litigant's behalf" to help a pro se litigant survive the §1915 screening process. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). This limitation helps courts avoid "'transform[ing] . . . from their legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies. . . .'" *Profitt v. Divine Sol.*, No. CIV.A 3:10CV-311-S, 2010 WL 2203310, at *1 (W.D. Ky. May 27, 2010) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985)).

### a.    *Law governing claims alleging violation of civil rights like those alleged by Plaintiff*

Because Plaintiff has submitted a complaint for violation of civil rights, the Court will begin its analysis by reviewing the allegations in conjunction with the requirements set forth in 42 U.S.C. § 1983. A plaintiff states a cause of action under this Section by demonstrating that a person

acting under color of law has deprived him or her of "any rights, privileges, or immunities secured by the Constitution and laws." To successfully pursue a § 1983 action, a plaintiff must demonstrate both that there was a deprivation of rights under the Constitution or other laws and that the deprivation was caused by a defendant acting under color of law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* (quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)).

Here, Plaintiff is suing his court-appointed defense attorney. "Courts have uniformly held an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law." *Whisnant v. Stokes*, No. 1:08-CV-229, 2008 WL 4763853, at *5 (E.D. Tenn. Oct. 28, 2008) (collecting cases); *see also Farmer v. Upchurch*, No. 1:21-CV-153-TAV-SKL, 2021 WL 5622104, at *7 (E.D. Tenn. Nov. 30, 2021). Because Defendant serves Plaintiff as his counsel, he is not subject to suit under §1983; thus, the action should not proceed beyond the screening stage.

## IV.     CONCLUSION

For the reasons stated above, this Court **RECOMMENDS** that Plaintiff's Complaint [Doc. 1] be **DISMISSED with prejudice**. This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for

examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[2]

Respectfully submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).