UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JAMES SWANN, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:21-CV-194 ) ) Judge Curtis L. Collier |
| MICHAEL TALLEY, | ) Magistrate Judge Cynthia R. Wyrick ) |
| Defendant. | ) |

**MEMORANDUM**

United States Magistrate Judge Cynthia R. Wyrick filed a report and recommendation (the "R&R") on January 24, 2022, recommending this action be dismissed for failure to state a claim on which relief may be granted. (Doc. 9.) Plaintiff, James Swann, Sr., acting *pro se*, filed an objection to the R&R on February 14, 2022. (Doc. 11.) Although Plaintiff failed to timely file his objection, in the interests of justice, the Court carefully considered it. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 6(d) (allowing three additional days after service by mail).

**I. BACKGROUND**

In a complaint for violation of civil rights under 42 U.S.C. § 1983, Plaintiff, a state inmate in the Sullivan County Detention Center, alleges that Defendant, his court-appointed attorney, "does not have [Plaintiff's] best interest at hand nor is [Defendant] protecting [Plaintiff's] rights." (Doc. 1 at 2, 4.) This is because Defendant "is looking and working with the State to get the quickest conviction and one less on [Defendant's] caseload." (*Id.* at 4.) Plaintiff contends there is a recorded call where Defendant "does not want to abide by my wishes of summoning witnesses and individuals that would potentially help in my current case." (*Id.*) Moreover, Plaintiff states

that Defendant counseled him to accept a plea offer, but he did not consider it appropriate because of his physical health and because he is innocent of the charges he faces. (*Id.*) Plaintiff also contends that Defendant "refused to go before the judge for a bond reduction on my behalf." (*Id.*)

To remedy Defendant's alleged violations of his rights, Plaintiff seeks $50,000 in damages for "ineffective counsel, misrepresentation, violation of rights, violation [of] client confidentiality (speaking on an open recorded line), mental anguish, medical sufferings, and punitive damages." (*Id.* at 5.) Plaintiff also requests that Defendant be "disbarred and his license taken." (*Id.*)

On January 24, 2022, the Magistrate Judge issued the R&R. (Doc. 9.) The R&R noted that Plaintiff is suing under 42 U.S.C. § 1983, which requires the defendant to have been acting under color of state law when effecting a deprivation of constitutional rights. (*Id.* at 5.) Because Defendant served as Plaintiff's court-appointed defense attorney, Defendant was not acting under color of state law and is not subject to suit under § 1983. (*Id.*) The R&R recommends that Plaintiff's Complaint be dismissed with prejudice. (*Id.*)

On February 14, 2022, Plaintiff filed an objection to the R&R. (Doc. 11.) Plaintiff requested that the R&R "be denied or stayed pending the out come [sic] of an Investigation from the Tennessee Bar Association." (*Id.* at 1.) Plaintiff asserts "that Defendant was acting under color of law when not performing the duties he swore to uphold when He passed the Bar and joined the realm of legal Counsel," which violates Plaintiff's constitutional right to a defense in his pending state criminal case. (*Id.* at 2.)

## II. STANDARD OF REVIEW

If a party objects to the proposed findings and recommendations of a magistrate judge, the party may file written objections within fourteen days. 28 U.S.C. § 636(b)(1)(C). The district

2

Case 2:21-cv-00194-CLC-CRW   Document 12   Filed 09/23/22   Page 2 of 4   PageID #: 54

court must then undertake a *de novo* review of the specific proposed findings or recommendations to which objection is made. *Id.* A specific objection is one that "explain[s] and cite[s] specific portions of the report which [the party] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (quoting *Smith v. Chater*, 121 F.3d 709 (6th Cir. 1997) (Table)). "[T]he district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1422–23 (5th Cir. 1996)).

## III. ANALYSIS

Plaintiff's single objection to the R&R states,

> In the cases that were cited by the Order, *Whisnant v. Stokes* and *Farmer v. Upchurch*, It says that courts hold that an attorney is not acting under color of state law. No where [sic] within these cases was a Investigation [sic] completed within the State Bar association. The defendant in this Matter is under investigation through the state Bar association for Malfeasance and Malpractice, due to his dereliction in his duty to properly represent me in this case.

(Doc. 11 at 1.)

Plaintiff's objection does not address the substance of the R&R, which discusses Plaintiff's failure to identify a deprivation caused by a defendant acting under color of law. Instead, Plaintiff unsuccessfully attempts to distinguish *Whisnant v. Stokes*, 2008 WL 4763853 (E.D. Tenn. Oct. 28, 2008), and *Farmer v. Upchurch*, 2021 WL 5622104 (E.D. Tenn. Nov. 30, 2021), by arguing those cases did not involve a state bar association investigation into the attorney who appeared in state or federal court. (Doc. 11 at 1.) Plaintiff makes a distinction without a difference: even if it is true that the Tennessee Bar Association is investigating Defendant, this purported investigation does not turn Defendant's actions into actions taken under color of state law. It is well established that

3

§ 1983 only provides a remedy against a party acting under color of state law, and a court-appointed private attorney does not act under color of state law.  *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968).

The Court has reviewed the record, including Plaintiff's objection, in this case.  The Court agrees with the R&R's conclusion that Plaintiff's amended complaint fails to state a claim on which relief can be granted.  Accordingly, the Court will dismiss Plaintiff's action.  *See* 28 U.S.C. § 1915(e)(2)(B).

## IV.  CONCLUSION

For the reasons stated above, the Court agrees with the R&R.  Plaintiff's objection (Doc. 11) will be **OVERRULED**.  The Court will **ACCEPT** and **ADOPT** the R&R (Doc. 9).  Plaintiff's action will be **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**